IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONWIDE MUTUAL FIRE        )
INSURANCE COMPANY,            )
                             )
            Plaintiff,        )
                             )
      v.                      )   Civil Action No. 08-646
                             )
GEO. V. HAMILTON, INC.        )
                             )
            Defendant.        )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                      November 6, 2008

            This is an action to compel arbitration pursuant to the

Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq.  Plaintiff,

Nationwide Mutual Fire Insurance Company (Nationwide), seeks a

declaration that ongoing litigation in Pennsylvania state court in

an insurance coverage dispute between Nationwide, other insurers,

and its insured, defendant Geo. V. Hamilton, Inc. (GVH), is

subject to a binding arbitration clause.  In response to

Nationwide's petition to compel arbitration in this Court, GVH

filed a motion to dismiss and/or for summary judgment requesting

that we abstain from exercising jurisdiction in light of the

previously filed Pennsylvania state court action.  [Doc. No. 15].

            For the reasons set forth below, GVH's motion will be

granted and we will dismiss this case.

I.  FACTUAL BACKGROUND

The following facts are undisputed, unless otherwise indicated.  We construe all other facts in the light most favorable to Nationwide, the non-moving party.

Nationwide provided liability insurance to GVH between January 30, 1985 and January 30, 1986.  GVH is a corporation that distributed insulation products containing asbestos.  In 1992, GVH began receiving claims for asbestos-related injuries and tendered them to its liability insurers, one of which is plaintiff Nationwide.  On June 12, 1992, GVH and certain of its liability insurers, specifically Nationwide, American Insurance Company, American States Insurance Company, and Pennsylvania Manufacturers' Association Insurance Company (PMA), entered into an Interim Claim Handling Agreement (Interim Agreement).  The Interim Agreement covered the insurers' defense and handling of the asbestos-related claims against GVH.

The Interim Agreement included an explicit release and discharge of the insurers' liability upon the exhaustion of their policy limits.  The Interim Agreement also contained an arbitration provision, which stated "[t]he PARTIES agree that any and all disputes arising out of, or relating to this Agreement, or breach thereof, shall be decided by nonjudicial arbitration which shall be binding on the parties in accordance with 42 Pa. C.P.S.A. section 7341 ... ."

In 1997, Nationwide had exhausted its limits. Accordingly, as provided for in the Interim Agreement, Nationwide obtained a full release and discharge from coverage of GVH's asbestos-related claims. Nationwide thereafter discontinued its participation in the defense and indemnity of asbestos-related claims against GVH.

In 2005, PMA and ACE Property & Casualty Insurance Company (ACE) filed two separate declaratory judgment actions in Pennsylvania state courts seeking to have the state courts declare the rights and obligations of the insurers with respect to asbestos injury claims pending against GVH. On July 25, 2006, these actions were coordinated under Pa.R.Civ.P. 213.1 and are now pending before the Court of Common Pleas of Allegheny County, Pennsylvania.

On May 30, 2007, GVH sent a notice of withdrawal from the Interim Agreement to Nationwide and all other parties to the Interim Agreement.[1] Accordingly, on October 19, 2007, GVH tendered new asbestos-related claims to Nationwide. Thereafter, GVH asserted a cross-claim against Nationwide in the coordinated civil action pending in the Court of Common Pleas of Allegheny County, Pennsylvania. The cross-claim sought insurance coverage for those

---

[1] The parties specified that "this Agreement shall continue in force until any PARTY notifies the other PARTIES in writing, by Certified Mail, of its election to withdraw from the Agreement. Such withdrawal shall take effect ninety (90) days after the mailing of notice of withdrawal. Upon withdrawal by any PARTY, this Agreement shall terminate as to all parties."

3

new asbestos-related claims. On June 7, 2007, American Guaranty & Liability Insurance Company (American Guaranty) joined Nationwide as a co-defendant. Since that time, Nationwide filed its answer and new matter in the coordinated action and is engaging in discovery.

Nationwide has not moved to demand arbitration in the Court of Common Pleas of Allegheny County, although it has asserted a demand for arbitration as one of its affirmative defenses. However, before Nationwide was brought into the state court litigation, the Court of Common Pleas of Allegheny County had already denied PMA's demand for arbitration pursuant to the same arbitration clause in the Interim Agreement. Specifically, in its preliminary objections, PMA asserted that "any dispute regarding the [] policies must be determined through binding arbitration." On June 22, 2007, the Court of Common Pleas of Allegheny County denied PMA's preliminary objections because it found that the Interim Agreement terminated as a result of GVH's May 30, 2007 withdrawal notice and, accordingly, GVH was no longer required to arbitrate under the Interim Agreement.

On April 1, 2008, Nationwide sent GVH a letter demanding arbitration pursuant to the Interim Agreement. GVH rejected the arbitration demand. On May 12, 2008, Nationwide filed its petition to compel arbitration/complaint in this court.

4

II.  DISCUSSION

GVH does not contend that federal court jurisdiction over this action is improper, rather it urges that this Court decline to exercise jurisdiction[2] because of the pending state court action.  Specifically, GVH suggests that issue preclusion and principles of abstention require that this court decline to entertain Nationwide's petition to compel arbitration.  Conversely, Nationwide argues that this court must decide the case on the merits because issue preclusion cannot apply and because this court has a "virtual unflagging obligation" to exercise its jurisdiction. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

A.  Agreement to Arbitrate

Section 4 of the FAA[3] directs that after a court finds that an action is covered by a written agreement to arbitrate, "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  9 U.S.C. § 4; see also Roodveldt v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 585 F.Supp. 770, 780 (E.D. Pa. 1984).

---

[2] This Court has jurisdiction based on diversity of citizenship between Nationwide and GVH under 28 U.S.C. § 1332.

[3] It is not in dispute that the enforcement of this arbitration agreement is subject to the FAA.  The FAA applies to any "written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy arising out of such contract or transaction."  9 U.S.C. § 2.

5

The judge in the coordinated state court action, however, has already ruled that GVH need not participate in arbitration pursuant to the Interim Agreement. Principles of issue preclusion, or, in the alternative, <u>Colorado River</u> abstention, require us to refrain from addressing the same question.

B.  <u>Issue Preclusion</u>

As a general rule, the doctrine of collateral estoppel, also called issue preclusion, precludes a party from relitigating in subsequent suits issues that have been fully and fairly litigated in an earlier case. <u>Montana v. United States</u>, 440 U.S. 147, 153-54 (1979). When an issue of fact or law, actually litigated and determined, is essential to the judgment, the determination is conclusive in a subsequent claim. <u>Electro-Miniatures Corp. v. Wendon Co., Inc.</u>, 889 F.2d 41, 44 (3d Cir. 1989) (citing Restatement (Second) of Judgments § 27 (1982)).

Specifically, issue preclusion applies where "(1) the issue decided in the prior action was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the plea is asserted has had a full and fair opportunity to litigate the issue in question in a prior action." <u>Ammon v. McCloskey</u>, 655 A.2d 549, 553-54 (Pa. Super. 1995) (quoting <u>Grant v. GAF Corp.</u>, 608 A.2d 1047, 1053 (Pa. Super. 1992)). We find that issue preclusion applies here.

1. <u>Identical Issues</u>

The issue both here and in state court is identical. The instant motion to compel arbitration requests that we compel arbitration of this coverage dispute pursuant to the Interim Agreement. The state court already reviewed and decided the same issue when it was raised by PMA. Specifically, the state court rejected the argument that arbitration was required under the Interim Agreement because it found that the Interim Agreement terminated as a result of GVH's May 30, 2007 withdrawal notice. Accordingly, it is clear that the issues are identical.

2. <u>Final Judgment on the Merits</u>

A final judgment is one that is "sufficiently firm to be accorded preclusive effect." <u>Greenleaf v. Garlock, Inc.</u>, 174 F.3d 352, 358 (3d Cir. 1999). Factors considered in determining if a judgment is final include: whether the prior decision was adequately deliberated and firm, whether the parties were fully heard, whether the court supported its decision with a reasoned opinion, and whether the prior decision was appealable. <u>Id</u>. (citing Restatement (Second) of Judgments § 13 (1992)). Here, a review of the Restatement factors and relevant case law shows that the state court's order denying arbitration was "sufficiently firm," and therefore final, for purposes of issue preclusion.

First, Pennsylvania law is clear that an order denying preliminary objections to compel arbitration is immediately appealable. <u>Pittsburgh Logistics Sys., Inc. v. Prof. Transp. and</u>

<u>Logistics, Inc.</u>, 803 A.2d 776, 778 n.1 (Pa. Super. 2002); <u>Levy v. Lenenberg</u>, 795 A.2d 419, 422 (Pa. Super. 2002); <u>Henning v. State Farm Mut. Auto Ins. Co.</u>, 795 A.2d 994, 995 (Pa. Super. 2002). We note that PMA did not appeal the state court order denying its request for arbitration.

Second, the parties who were then involved were fully heard on the issue of arbitration. PMA and GVH briefed their arguments and participated in oral argument in front of the state court. On June 22, 2007, the state court judge issued a written order explaining his reasoning for denying arbitration.[4]

Finally, case law holds that an immediately appealable state court order denying or compelling arbitration is considered a final judgment for purposes of issue preclusion. <u>See Towers, Perrin, Forster, & Crosby, Inc. v. Brown</u>, 732 F.2d 345, 349 (3d Cir. 1984) (holding that a California state court order denying arbitration was final for purposes of res judicata because, <u>inter alia</u>, "[t]his is ... a matter of common sense. There must be a limitation on successive petitions to compel arbitration other than the imagination or willpower of the party seeking arbitration, lest judicial proceedings on the merits be indefinitely delayed"); <u>Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 10 (1983) (noting in dicta that a state court determination of arbitration would be res judicata in the federal forum); <u>Gen. Accident Fire &</u>

---

[4] Despite Nationwide's urging, we will not analyze the state court's legal reasoning here.

<u>Life Assurance Corp., Ltd. v. Flamini</u>, 445 A.2d 770, 772 (Pa. Super. 1982) (holding that an order allowing arbitration to proceed was a final judgment for purposes of res judicata because "Pennsylvania law takes a broad view of what constitutes a 'final judgment' for purposes of res judicata") (citing <u>Bearoff v. Bearoff Bros., Inc.</u>, 327 A.2d 72, 76 (Pa. 1974)).

Hence, the state court's June 22, 2007 order denying arbitration is final for purposes of issue preclusion.

3. <u>Privity</u>

In general, privity is defined as a "[m]utual or successive relationship to the same rights of property. In its broadest sense, 'privity' is ... an identification of interest of one person with another as to represent the same legal right." <u>Ammon</u>, 655 A.2d at 554 (citing Black's Law Dictionary (5th ed. 1979)). In other words, privity occurs where a "relationship between one who is a party on the record and another is close enough to include the other within res judicata." <u>First Options of Chicago, Inc. v. Kaplan</u>, 913 F.Supp. 377, 383 (E.D. Pa. 1996) (quoting <u>E.E.O.C. v. U.S. Steel Corp.</u>, 921 F.2d 489, 493 (3d Cir. 1990) (internal quotation marks omitted)).[5]

While "there is no prevailing definition of 'privity'

_____

[5] We note that "[s]tate law requirements for res judicata and privity are not inconsistent with the federal law applied by this circuit." <u>First Options of Chicago, Inc. v. Kaplan</u>, 913 F.Supp. 377, 384 n.8 (E.D. Pa. 1996) (citations omitted).

which can be applied automatically to all cases," see Day v. Volkswagenwerk Aktiengesellschaft, 464 A.2d 1313, 1317 (Pa. Super. 1983), courts typically find privity to exist in circumstances "(1) where the nonparty has succeeded to, or share[s] a concurrent right to the party's interest in, property, (2) where the nonparty controlled the prior litigation, and (3) where the party adequately represented the nonparty's interest in the prior proceeding." Myers v. Kim, 55 Pa. D. & C.4th 93, 100 (Pa. Com. Pl. 2001). The application of the test for privity requires a careful balancing of the nonparty's interest in receiving his day in court with the judicial interests of fairness, finality, and efficiency. See Richards v. Jefferson County, Ala., 517 U.S. 793, 797-98 (1996).

In examining the parties for purpose of privity by adequate representation, courts must focus on (1) the relationship between the parties; and (2) whether there is "such an identity of interests between the first and second party that the second should ever be deemed in privity with the first." First Options of Chicago, Inc., 913 F.Supp. at 384; Williams v. City of Allentown, 25 F.Supp.2d 599, 604 (E.D. Pa. 1998).

Here, the parties are related through the Interim Agreement. Both parties were signatories to and were jointly defined as "Insurers" in the Interim Agreement. Nationwide argues that it was not in privity with PMA because PMA was not its "legally designated representative" in the Allegheny County

action.[6]  We disagree.  We do not find that legal representation is
required in all circumstances.  See First Options of Chicago, Inc.,
913 F.Supp. at 385 n.11 (explaining that "the cases are better read
as indicating that such a relationship is but one factor that will
push mere sharing of parallel interests[] into privity for res
judicata or collateral estoppel purposes").  Although we recognize
the preference in this jurisdiction for a legal relationship
between the named and unnamed parties, we understand that "the
privity inquiry should be flexible enough to acknowledge the
realities of parties' relationships."  Id. at 384.  Given the
unique circumstances of this case, we do not require that PMA have
been in a formal legal relationship with Nationwide.

There is no question that Nationwide and PMA share an
"identity of interest" in enforcing the arbitration agreement
contained in the Interim Agreement.  Although Nationwide was not
yet a named party in the state court action at the time that the
state court ruled on PMA's demand for arbitration, PMA and
Nationwide's interests in the arbitration agreement are identical.

_____

[6] Nationwide spends much time focusing on Sloan v. City
of Pittsburgh, 110 Fed. Appx. 207 (3d Cir. 2004) and Hitchens v.
County of Montgomery, 98 Fed.Appx. 106 (3d Cir. 2004) to explain
when non-parties may be considered to be in privity with parties
in a prior action.  We note that these cases are non-precedential
opinions which judges are discouraged from relying upon.  The
Court of Appeals for the Third Circuit explains that "[t]he court
by tradition does not cite to its not precedential opinions as
authority.  Such opinions are not regarded as precedents that
bind the court because they do not circulate to the full court
before filing."  Court of Appeals for the Third Circuit Internal
Operating Procedure 5.7.

Their rights as to the arbitration provision in the Interim Agreement were jointly defined by the Interim Agreement. Moreover, GVH terminated both PMA and Nationwide's interests in the Interim Agreement at the same time via the same May 30, 2007 withdrawal notice, copies of which were sent to both parties.

Because principles of collateral estoppel are "issue oriented rather than party oriented," Day, 464 A.2d at 1318, and the facts show that PMA and Nationwide shared a relationship as insurers under the Interim Agreement which included an arbitration agreement, we hold that they are in privity regarding the effect of the arbitration provision located in the Interim Agreement.

### 4. Full and Fair Opportunity to Litigate

The record is clear that PMA received a full and fair opportunity to litigate the issue of arbitration in the state court action. PMA raised the issue of arbitration in its March, 2005 preliminary objections to GVH. Thereafter, PMA fully briefed the issue in its Memorandum of Law in Support, filed on April 26, 2007. The judge in the coordinated state court action heard oral argument on PMA's preliminary objections, and other related issues, on May 8, 2007. Hence, we cannot hold that PMA did not receive a full and fair opportunity to litigate the issue which is before us now.

We further reject Nationwide's argument that the parties were not fully heard because the judge in the coordinated state court action decided the issue on a principle of law that was not proposed by either party. That the judge, after reviewing the

12

arbitration provision and the parties' briefs, and hearing oral argument on arbitration, decided the issue on a point of law that was not anticipated is inconsequential. The parties still briefed the arbitration issue and participated in oral argument before the state court.

Accordingly, because the issue of arbitration has been previously litigated in state court to a final judgment, issue preclusion applies. Nationwide cannot litigate the issue of arbitration here and the case will be dismissed on this basis.

### C. Colorado River Abstention

If we could not dismiss this case applying the principles of issue preclusion, we would still defer to the prior state court case via Colorado River abstention. Under the guidance of the Supreme Court in Colorado River, a district court has discretion to abstain from exercising jurisdiction where a parallel case is pending in state court. Colorado River, 424 U.S. at 818-20. This doctrine only applies in "exceptional circumstances" based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. Id. at 819-20.

### 1. Parallel Proceedings

We find that abstention is proper in the instant case. The threshold question under Colorado River is whether there is a parallel state proceeding. IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298, 306 (3d Cir. 2006). Cases are

parallel "when they involve the same parties and claims." Chiropractic Am. v. Lavecchia, 180 F.3d 99, 115 (3d Cir. 1999). We conclude that the pending state court action and the instant case are parallel.

The parties are substantially the same. GVH is a defendant in the state action. Nationwide is a counterclaim defendant in the state action, along with numerous other insurers. The differences in the parties' roles, and the presence of additional parties in the state action, make no difference to our analysis. Perry v. Manor Care, Inc., No. 05-5767, 2006 WL 1997480, at *3 (E.D. Pa. July 14, 2006); Peerless Heater Co. v. Chevron Chemical Co., No. 97-3128, 1998 WL 195706, at *3 (E.D. Pa. 1998) (explaining that the "reversal of roles does not alter the parallel nature of the cases") (citation omitted). The Court of Appeals for the Third Circuit has never required complete identity of parties for abstention to apply. IFC, 438 F.3d at 306 (citations omitted).

As described, supra, the claims in both actions are also substantially the same as they both ask the courts to compel arbitration of an "Insurer" under the Interim Agreement. Therefore, the proceedings are sufficiently parallel for Colorado River abstention purposes.

### 2. Exceptional Circumstances

Having determined that the two actions are parallel, we next review whether this case involves exceptional circumstances warranting abstention. The relevant factors for consideration

include: (1) which court first assumed jurisdiction over a relevant property, if any; (2) whether the federal court is inconvenient; (3) whether abstention would aid in avoiding piecemeal litigation; (4) which court first obtained jurisdiction; (5) whether federal or state law applies; and (6) whether the state action is sufficient to protect the federal plaintiff's rights. <u>Rycoline Prods., Inc. v. C & W Unlimited</u>, 109 F.3d 883, 890 (3d Cir. 1997). Upon careful consideration, we find that these factors weigh in favor of abstention.

The first and second factors are not pertinent. As to the first factor, both parties agree that real property is not in dispute here. The parties also agree that the second factor, the question of inconvenience, is not relevant.

With regard to the third factor, we find that abstention would avoid piecemeal litigation. This action and the coordinated state court action involve the same parties, Nationwide and GVH, in a dispute over the same agreement. It is clear that the issue has been addressed in Pennsylvania state court. In fact, if this suit and the pre-existing state court suit were simultaneously maintained, the two courts would be duplicating efforts and risking inconsistent rulings.

We recognize, however, that there is a strong federal policy in favor of upholding arbitration agreements. <u>Cone</u>, 460 U.S. at 20. Rather than avoiding piecemeal litigation, the FAA "<u>requires</u> piecemeal resolution when necessary to give effect to an

arbitration agreement." <u>Id</u>. (emphasis in original). In <u>Cone</u>, the Supreme Court stated that "[u]nder the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." <u>Id</u>. The Supreme Court further explained that the proper forum does not "depend[] at all on <u>which court</u> decides the question of arbitrability." <u>Id</u>. (emphasis in original).

The facts here, however, are distinguishable from those in <u>Cone</u> because this dispute is not "easily severable from the merits of the underlying disputes." <u>Id</u>. at 21. Specifically, an order compelling arbitration between Nationwide and GVH will not relieve Nationwide from continuing to litigate against insurers in the same coordinated state court proceeding. Moreover, the Philadelphia County and Allegheny County state court actions were coordinated in order to avoid the precise situation here, a "duplication of efforts by the courts and the parties [which] may result in inconsistent rulings and orders." Pa.R.Civ.P. 213.1, explanatory cmt.

While the FAA does not favor abstention, we must apply the <u>Colorado River</u> factors "in a pragmatic, flexible manner with a view to the realities of the case at hand ... ." <u>Cone</u>, 460 U.S. at 21. In light of this procedural history and the fact that the judge in the coordinated state court action already reviewed and ruled on the instant issue, we agree that the complexity and

16

coordination of the state court actions cut in favor of abstention. See Morgan Stanley Dean Witter Reynolds, Inc. v. Gekas, 309 F.Supp.2d 652, 657-58 (M.D. Pa. 2004) (abstaining from exercising federal jurisdiction in action seeking to compel arbitration and enjoin a previously filed state court suit because the dispute was not easily severable); see also Am. Reliable Ins. Co. v. Stillwell, 212 F.Supp.2d 621, 629-30 (N.D.W.V. 2002) (holding that Colorado River abstention was warranted because the state court already reviewed and denied the insurers' motion to compel arbitration).

The fourth Colorado River factor -- that the Pennsylvania state court obtained jurisdiction over this dispute before this Court obtained jurisdiction -- also weighs in favor of abstention. Insurers filed complaints in Allegheny County and in Philadelphia County in January, 2005 and December, 2005, respectively. American Guaranty & Liability Insurance Company joined Nationwide as a defendant into the Philadelphia action on June 7, 2007. On August 10, 2007, Nationwide filed its answer and new matter which included an assertion that "[c]laims for coverage against Nationwide in this action are barred by an arbitration clause in the 1992 claim handling agreement to which Nationwide and its policyholder, George V. Hamilton, are parties."

GVH asserted its cross-claim against Nationwide in the coordinated civil action in February, 2008 which Nationwide answered on February 29, 2008. In its answer, Nationwide again asserted that all claims for coverage were barred by the

17

arbitration provision in the Interim Agreement. It was not until May 12, 2008, that Nationwide filed its petition to compel arbitration/complaint in this court.

As the state court actions have been pending for over three years, and Nationwide has been a party in the state court action for over one year, we are not persuaded by Nationwide's argument that there has been more progress in this court. It is undisputed that there has been substantial movement in the coordinated state court action. The coordinated state court action is a complex case with a 24 page docket. Discovery is ongoing. In contrast, this case has only been pending since May, 2008, and no discovery has taken place.

Moreover, we disagree with Nationwide's assertion that there has been more progress in federal court on the issue of arbitration and that "there have been no 'substantial proceedings' on the issue of arbitrability in the state court action." To the contrary, the state court has already examined the issue of binding arbitration under the Interim Agreement and rejected it. Here, the parties limited their federal court briefs to the issue of this court's jurisdiction, issue preclusion, and Colorado River abstention; they have not even fully briefed the issue of arbitrability yet.

In light of these circumstances, Nationwide's attempt to compel arbitration in this forum raises the possibility of forum

shopping. To the extent that this factor has much weight, it weighs in favor of abstention.

Pursuant to the fifth factor, we are also instructed to review whether state or federal law applies. A review of the Interim Agreement suggests that state law will provide the rule of the decision. The Interim Agreement states that "[t]his agreement shall be controlled by and interpreted according to the laws of the State of Pennsylvania."[7] Accordingly, the Interim Agreement in general is controlled by Pennsylvania contract law, although enforceability of the agreement remains under the control of the FAA. See Gay v. CreditInform, 511 F.3d 369, 387-88 (3d Cir. 2007) ("We recognize that courts including our court look to the law of the forum state or another state related to the circumstances of the dispute in determining as a matter of federal law whether an issue is referable to arbitration").

Finally, pursuant to the sixth factor, we review whether the state action is sufficient to protect Nationwide's rights. Based on the complexity of the proceeding already pending in state court, and the fact that the state court has already reviewed and ruled on the applicability of the same arbitration

---

[7] The arbitration provision also specifies that "any and all disputes ... shall be decided by nonjudicial arbitration which shall be binding on the parties in accordance with 42 Pa. C.P.S.A. section 7341." Section 7341 deals with review of arbitration awards, however, instead of the enforceability of arbitration provisions. 42 Pa. C.P.S.A. § 7341. For this reason, section 7341 does not apply here.

provision at issue here, we find that the Pennsylvania state court is best equipped to address Nationwide's allegations.  Therefore, this final factor also weighs in favor of abstention.

Recognizing that "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case" and that "[t]he weight to be given to any one factor may vary greatly from case to case," see Cone, 460 U.S. at 16, we hold that, if issue preclusion would not first apply to this action, the circumstances of the instant situation would warrant our abstention from exercising jurisdiction.  We would, therefore, dismiss the action with prejudice.  See Morgan Stanley Dean Witter Reynolds, Inc., 309 F.Supp.2d at 661 n.14.

III.  CONCLUSION

Because issue preclusion, or, in the alternative, Colorado River abstention applies, GVH's motion for summary judgment is granted.  This case is dismissed with prejudice.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONWIDE MUTUAL FIRE          )
INSURANCE COMPANY,              )
                               )
              Plaintiff,        )
                               )
       v.                       )   Civil Action No. 08-646
                               )
GEO. V. HAMILTON, INC.          )
                               )
              Defendant.        )

ORDER

Therefore, this 8th day of November, 2008, IT IS
HEREBY ORDERED that defendant's motion to dismiss and/or summary
judgment [doc. no. 15] is GRANTED.  The plaintiff's petition to
compel/complaint is dismissed with prejudice.  The Clerk of
Courts is directed to mark this case closed forthwith.


                              BY THE COURT:

                              _____, J.


cc:        All Counsel of Record


21