IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONWIDE MUTUAL FIRE          )
INSURANCE COMPANY,              )
                                )
            Plaintiff,          )
                                )
        v.                      )          Civil Action No. 08-0646
                                )
GEO. V. HAMILTON, INC.          )
                                )
            Defendant.          )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                        April 9, 2010

This is an action to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. (the "FAA" or the "Act"). Plaintiff, Nationwide Mutual Fire Insurance Company ("Nationwide"), seeks an order compelling its insured, defendant Geo. V. Hamilton, Inc. ("GVH") to arbitrate a dispute arising out of the June 12, 1992 Interim Claim Handling and Settlement Agreement (the "settlement agreement" or the "agreement") between GVH, Nationwide, and other insurance carriers of GVH. Nationwide seeks this order despite the ongoing insurance coverage litigation in Pennsylvania state court involving GVH, Nationwide, and other insurance carriers of GVH, only some of which are parties to the agreement.

Pending before this court is GVH's motion for summary judgment in which GVH contends that Nationwide waived its right to compel arbitration under the agreement in light of Nationwide's alleged: (1) untimely assertion of its arbitration rights; (2)

failure to file preliminary objections or seek a stay in state court based on its arbitration defense; and (3) extensive participation in the pending insurance coverage litigation in the Court of Common Pleas of Allegheny County, Pennsylvania.

Nationwide opposes this motion, arguing that it: (1) timely demanded arbitration and filed its petition to compel arbitration with this court; (2) properly asserted its arbitration rights as an affirmative defense in its state court answer and new matter in accordance with the Pennsylvania Rules of Civil Procedure; (3) promptly and adequately preserved its arbitration rights at each stage in the state court litigation; and (4) properly participated in discovery, motion practice, and other matters before the state court because the subject matter of that litigation, albeit related to the arbitrable matter, concerns non-arbitrable, insurance coverage claims.

For the reasons that follow, GVH's motion will be denied, and Nationwide's petition to compel arbitration will be granted.

I.  FACTUAL BACKGROUND

The following facts are undisputed, unless otherwise indicated. Nationwide issued a single policy of liability insurance to GVH, an installer of commercial and industrial insulation. That policy provided GVH with coverage for asbestos-related injuries allegedly caused by the products it installed from January 30, 1985

2

to January 30, 1986.

On June 12, 1992, GVH, Nationwide, and some of GVH's other insurers, American Insurance Company, American States Insurance Company, and Pennsylvania Manufacturers' Association Insurance Company ("PMA"), entered into a settlement agreement to assist with the administration and allocation of defense and indemnity resources for claims under various insurers' policies.

The settlement agreement contained a release and discharge provision, which specified the manner by which the agreement could be terminated:

> The Agreement shall continue in force until any PARTY notifies the other PARTIES in writing, by Certified Mail, of its election to withdraw from the Agreement. Such withdrawal shall take effect ninety (90) days after the mailing of notice of withdrawal. Upon withdrawal by any PARTY, this Agreement shall terminate as to all PARITES.

The agreement also contained an arbitration provision, which provided that:

> The PARTIES agree that any and all disputes arising out of, or relating to this Agreement, or breach thereof, shall be decided by nonjudicial arbitration which shall be binding on the PARTIES in accordance with 42 Pa. U.P.S.A. section 7341. Notice of the demand for arbitration shall be served in writing upon all other PARTIES to this Agreement.[1]

Furthermore, under the agreement, an insurer's obligation to pay defense and indemnity costs continued until the insurer could establish that it had exhausted its policy limits. Then, the

---

[1] The agreement defines "PARTIES" to include all signatories to the agreement.

3

insurer would be released from liability:

> An INSURER which has exhausted its policy limits by
> payment of INDEMNITY COSTS for CLAIMS shall be released
> and discharged by other PARTIES to this Agreement from
> any further liability for INDEMNITY COSTS....

Nationwide participated in the settlement agreement until early in 1996, when it claimed to have exhausted its policy limits and provided proof of exhaustion to both GVH and the other insurance carriers that were parties to the agreement. On May 5, 1997, GVH notified Nationwide that it was "willing to accept [Nationwide's] evidence of exhaustion." Although the parties dispute whether Nationwide was then released from any obligation to defend or indemnify GVH from that point forward, it is undisputed that Nationwide did not participate in GVH's defense or pay any further indemnification costs after 1997.

In 2005, PMA, a party to the agreement, and ACE Property & Casualty Insurance Company ("ACE"), a non-party to the agreement, filed two separate declaratory judgment actions seeking to have the Pennsylvania state courts declare the rights and obligations of the insurers under insurance policies sold to GVH with respect to asbestos-related injury claims pending against GVH. At that time, Nationwide was not a party to either of these lawsuits, and GVH had not tendered any asbestos-related claims to Nationwide since Nationwide had notified GVH that it had exhausted its policy limits in May of 1997.

4

In the PMA action, PMA contended that it had exhausted its policy limits under the settlement agreement and therefore had no further obligation to GVH. Five days after it filed its complaint, PMA served GVH with an arbitration demand under the settlement agreement, and GVH rejected that demand on March 25, 2005. GVH responded to PMA's complaint by filing a new matter and counterclaim against PMA, asserting various claims for breach of contract and bad faith and arguing that PMA had a duty to indemnify and defend it for asbestos-related claims under PMA's primary policy, which was subject to the settlement agreement. In March of 2005, pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(6), PMA filed preliminary objections, contending that GVH's counterclaims were controlled by the settlement agreement and should be dismissed and pursued via arbitration in accordance with the agreement.

More than two years later on May 20, 2007, the Court of Common Pleas of Allegheny County granted PMA's preliminary objections demanding arbitration against GVH pursuant to the arbitration provision of the agreement. In doing so, however, the state court indicated that it would "vacate [its] ... order and overrule the preliminary objections within ten (10) days ... [if GVH] sends a notice of withdrawal from the [settlement a]greement."

On May 30, 2007, GVH sent notice of its withdrawal from the agreement to Nationwide and all other parties to the agreement

in accordance with the termination paragraph. As a result, on June 22, 2007, the Court of Common Pleas of Allegheny County, Pennsylvania vacated its May 20, 2007 Order, overruled PMA's preliminary objections, and found that the agreement terminated as a result of GVH's withdrawal notice and, accordingly, GVH was no longer required to arbitrate under the agreement.[2]

In the meantime, on July 25, 2006, the PMA action and the ACE action were coordinated[3] resulting in the ACE action being transferred to the Court of Common Pleas of Allegheny County, Pennsylvania. On June 7, 2007, American Guarantee and Liability Insurance Co. ("AGLIC"), a non-party to the agreement and a co-insurer defendant in the ACE state court action, filed a third-party complaint against Nationwide for declaratory judgment and contribution with regard to amounts paid to defend and indemnify GVH. Shortly thereafter on August 10, 2007, Nationwide filed its response to AGLIC's third-party complaint, in the form of an answer and new matter. Nationwide asserted the arbitration provision of the agreement as one of its affirmative defenses.

---

[2]

GVH did not raise its termination of the agreement as a basis for summary judgment in this case. As such, GVH has waived that argument. GVH has specifically acknowledged this waiver to the court.

[3]

The actions were coordinated pursuant to Rule 213.1 of the Pennsylvania Rules of Civil Procedure.

On October 19, 2007, GVH tendered new asbestos-related claims to Nationwide. These were GVH's first claims against Nationwide in the more than ten years since Nationwide asserted exhaustion of its policy limits under the settlement agreement.

On February 4, 2008, GVH filed amended cross-claims in the ACE action, including, for the first time, allegations against Nationwide. In its reply to GVH's amended cross-claims, Nationwide again raised the arbitration provision of the agreement as an affirmative defense in its answer and new matter.

On April 1, 2008, Nationwide sent GVH a letter demanding arbitration under the agreement. On May 7, 2008, GVH rejected that demand. On May 13, 2008, Nationwide filed its petition to compel arbitration with this court. [Doc. No. 1]. On July, 10, 2008, GVH moved to dismiss, or for summary judgment, requesting that this court abstain from exercising jurisdiction in light of the pending state court actions. [Doc. No. 15]. On November 8, 2008, we granted GVH's motion for summary judgment. [Doc. No. 36].

The court of appeals reversed and ordered that we consider the merits of Nationwide's petition to compel arbitration. Nationwide Mutual Fire Insurance Co. v. George V. Hamilton, Inc., 571 F.3d 299, 314 (3d Cir. 2009). The court of appeals concluded, in part, "that the ruling of the Court of Common Pleas denying arbitration in the PMA action does not serve as a viable basis for the District Court's preclusion order against Nationwide." Id.

7

On November 2, 2009, we held a status conference with the parties, and on December 14, 2009, GVH filed the instant motion for summary judgment.

II.  STANDARD OF REVIEW

Arbitration is a contractual matter.  A requirement to arbitrate must be based upon an agreement to that effect.  Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980) (citations omitted).  The FAA establishes that, as a matter of federal law, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."  Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983); Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 219 (3d Cir. 2007) (finding that district courts determine whether a party has waived its right to arbitrate based on its litigation conduct).

Rather than avoiding piecemeal litigation, the FAA "requires piecemeal resolution when necessary to give effect to an arbitration agreement."  Cone, 460 U.S. at 20 (emphasis in original). In Cone, the Supreme Court stated that "[u]nder the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to

8

the underlying dispute but not to the arbitration agreement." Id.
(footnote omitted).

III. DISCUSSION

The record before this court reveals no contested factual
issues that are material to the current dispute.  The sole issue
for this court to decide is whether Nationwide waived its
arbitration rights under the agreement.  Such a determination is a
preliminary question of arbitrability which must be made by the
court rather than the arbitrator. B.G. Balmer & Co., Inc. v. United
States Fidelity & Guar. Co., No. 98-734, 1998 WL 764669, at *6
(E.D. Pa. Oct. 30, 1998).

Although the agreement provides that it "shall be
controlled by and interpreted according to the laws of the State of
Pennsylvania," the enforceability of the agreement remains under
the control of the FAA.  See Gay v. CreditInform, 511 F.3d 369,
387-88 n.13 (3d Cir. 2007) ("We recognize that courts including our
court look to the law of the forum state or another state related
to the circumstances of the dispute in determining as a matter of
federal law whether an issue is referable to arbitration"); see
also Cone, 460 U.S. at 24-25.

In accordance with the strong presumption in favor of
enforcing arbitration clauses, waiver of an arbitration provision
"is not to be lightly inferred." Ehleiter, 482 F.3d at 223

9

(citations omitted); <u>Paine Webber Inc. v. Faragalli</u>, 61 F.3d 1063, 1068 (3d Cir. 1995) (citations omitted). Waiver should normally be found "only where the demand for arbitration came long after the suit commenced and when both parties engaged in extensive discovery" as to the arbitrable matter. <u>Ehleiter</u>, 482 F.3d at 223 (quoting <u>Paine Webber</u>, 61 F.3d at 1068-69).

The United States Court of Appeals for the Third Circuit has determined that "prejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation conduct," and it has compiled the following list of nonexclusive factors that are relevant to the prejudice inquiry:

> (1) the timeliness or lack thereof of a motion to arbitrate ...;
>
> (2) the degree to which the party seeking to compel arbitration [or to stay court proceedings pending arbitration] has contested the merits of its opponent's claims;
>
> (3) whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay ....;
>
> (4) the extent of its non-merits motion practice;
>
> (5) its assent to the [trial] court's pretrial orders; and
>
> (6) the extent to which both parties have engaged in discovery.

<u>Ehleiter</u>, 482 F.3d at 222 (citing <u>Hoxworth v. Blinder, et al.</u>, 980 F.2d 912, 926-27 (3d Cir. 1992)) (internal citations omitted).

GVH argues that Nationwide waived its right to arbitration because of: (1) the untimely assertion of its arbitration rights; (2) its failure to raise the arbitration of the agreement as a preliminary objection or in a motion to stay the state court litigation; (3) its extensive participation in the state court litigation; and (4) the prejudice that GVH has allegedly suffered as a result of Nationwide's participating in the state court litigation.

A. Nationwide's Arbitration Demand And Petition Were Timely

GVH contends that because of the delay between the time Nationwide became involved in the ACE state court litigation, and the time it made its written demand for arbitration on GVH, Nationwide had already waived its right to arbitrate when it filed its petition to compel arbitration with this court. We disagree.

On June 7, 2007, Nationwide joined the ACE insurance coverage litigation because a co-defendant insurer, a non-party to the agreement, sought contribution from Nationwide. In response, Nationwide asserted the arbitration provision under the agreement in new matter. GVH did not make any claims against Nationwide until February 4, 2008. On April 1, 2008, Nationwide sent GVH a written demand for arbitration in accordance with the agreement. GVH did not formally deny Nationwide's demand until May 7, 2008. Then on May 13, 2008, Nationwide filed its petition to compel arbitration under the FAA with this court.

Given this relatively short time line, we find that Nationwide demanded arbitration and filed its petition to compel arbitration in a timely manner. This case is not one in which the invocation for arbitration came long after the suit was filed against the party who petitioned to compel arbitration. See, e.g., Ehleiter, 482 F.3d at 223 (litigated four years before invoking right to arbitrate); Hoxworth, 980 F.2d at 926-27 (11 months); United States ex rel. Duo Metal & Iron Works, Inc. v. S.T.C. Const. Co., 472 F. Supp. 1023, 1025 (E.D. Pa. 1979) (waiver where defendant waited nineteen months prior to motion to compel arbitration). Instead, Nationwide made a demand on GVH to arbitrate within two months of GVH filing claims against it in the ACE insurance coverage litigation and filed suit with this court within a week of GVH's denial of that demand. Therefore, Nationwide's demand for and petition to compel arbitration were timely, and the first and third Hoxworth factors weigh in favor of a finding of no waiver.

B. Nationwide's Failure To Raise Its Arbitration Defense In Preliminary Objections Or In A Motion To Stay Does Not Support A Finding Of Waiver In This Instance

GVH next argues that under the Pennsylvania Rules of Civil Procedure and Goral v. Fox Ridge, Inc., 683 A.2d 931, 934 (Pa. Super. Ct. 1996), a duty to arbitrate under a contract must be raised via preliminary objections or in a motion to stay, or it is waived. According to GVH, because Nationwide raised the issue by

12

way of new matter, it waived its arbitration rights.  However,
according to Nationwide, under Pennsylvania's Rules of Civil
Procedure, a duty to arbitrate under a contract may be raised as an
affirmative defense in a party's answer and new matter, as
Nationwide did, and Goral is distinguishable from this case. We
agree with Nationwide.

> 1. Pennsylvania Law Does Not Require The Filing Of
> Preliminary Objections Or A Motion To Stay To Preserve An
> Arbitration Defense

Contrary to GVH's contention, the law in Pennsylvania is
clear that "all affirmative defenses including but not limited to
... arbitration and award ... shall be pleaded in a responsive
pleading under the heading 'New Matter.'"  Pa. R. Civ. P. 1030(a).
Moreover, "[a] party waives all defenses and objections which are
not presented either by preliminary objection, answer or reply."
Pa. R. Civ. P. 1032(a) (emphasis added).

Nationwide admits that it never raised GVH's duty to
arbitrate under the agreement in preliminary objections or in a
motion to stay the ACE state court litigation. Instead, in
accordance with the Pennsylvania state court rules, Nationwide
raised the arbitration of the agreement at its first opportunity,
as an affirmative defense in its answer and new matter on August
10, 2007, in response to AGLIC's claim against it, which was filed
before GVH made any claims against Nationwide in the ACE state
court litigation. Since that time, Nationwide has repeatedly

13

asserted its arbitration defense at every relevant point in the state court litigation. Therefore, Nationwide's decision to raise its arbitration defense in its answer and new matter as opposed to in preliminary objections or as part of a motion to stay the state court action did not result in waiver of Nationwide's right to file a petition to compel arbitration with this court. Nationwide acted in accordance with the Pennsylvania Rules of Civil Procedure by raising this affirmative defense as new matter.

2. Goral Is Distinguishable From This Case

Contrary to GVH's contention, the Pennsylvania Superior Court's decision in Goral does not change the fact that Nationwide preserved its arbitration rights.

In Goral, the purchasers of a home sued the seller and one of its officers for breach of implied warranties, intentional misrepresentation, negligent misrepresentation, fraudulent concealment, and violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law. The sale fell through after the home inspection revealed problems with the foundation of the house. The purchasers had incurred substantial expenses regarding the repair of the house's foundation and sued the seller and officer for the return of those expenses.

The seller and officer timely raised the arbitration clause in the sale contract as an affirmative defense in their answer and new matter, while indicating that the arbitration

14

provision should only apply to those claims that were not barred by the statute of limitations. The seller and officer did not affirmatively seek arbitration until nineteen months later, in response to the court granting the purchasers' motion to compel the seller and officer to respond to certain discovery requests. Goral, 683 A.2d at 933. Instead of complying with the court's discovery order, the seller and officer filed a motion to compel arbitration, which the trial court denied on the ground that the seller and officer had waived their right to arbitrate. The seller and officer filed an interlocutory appeal, and the Pennsylvania Superior Court held that the trial court did not abuse its discretion in deciding that the seller and officer waived their contractual right to arbitrate because the arbitration clause clearly encompassed the entire matter being litigated between the parties. The Superior Court reasoned that:

> [T]he parties' arbitration clause encompassed any controversy or claim arising out of or relating to the agreement of sale or its breach. Thus Appellants [sellers], having decided that Appellees' [purchasers'] substantive claims were arbitrable, could have asserted that all ancillary matters, including statutes of limitation, were arbitrable as well. Instead, Appellants sought relief in the first instance from the trial court; failing success in that forum, and only then, they sought to proceed to the alternative forum of arbitration.

Id. at 934. According to the Superior Court, defendants originally sought relief in court and raised arbitration "only as an alternative to their preferred option of winning a favorable ruling from the trial court." Id. at 933.

The facts and circumstances in Goral are readily distinguishable from those in this case. Here, the underlying litigation is a complex insurance coverage dispute involving several parties, many of which are not parties to the agreement. Nationwide joined the ACE state court litigation as a third party, having been added by a co-insurer defendant two years after the initial complaint was filed. GVH did not assert claims against Nationwide until several months after that. Between the time that the co-insurer brought Nationwide into the state court action and the time that GVH amended its cross-claims to include Nationwide, GVH tendered new asbestos-related claims to Nationwide, GVH's first claims against Nationwide in the more than ten years since Nationwide asserted exhaustion of its policy limits under the settlement agreement.

Moreover, Nationwide raised arbitration under the agreement as an affirmative defense in its initial answer and new matter to the co-insurer's cross claims as well as in response to GVH's amended cross-claims. Rather than waiting nineteen months to pursue arbitration, as was the case in Goral, Nationwide answered GVH's amended cross-claim on February 29, 2008 and formally demanded arbitration from GVH on April 1, 2008. On May 7, 2008, GVH rejected that demand, and on May 13, 2008, Nationwide filed a petition to compel arbitration with this court. Nationwide has vigorously pursued its right to compel GVH to arbitrate over the

16

course of the past two years. Unlike the seller and officer in Goral, nothing about Nationwide's conduct indicates that it is pursuing arbitration as an alternative to its preferred option of winning a favorable ruling from the state trial court. In fact, Nationwide would have to participate in the state court coverage action regardless of whether or not we grant its petition to compel arbitration because the claims being litigated in state court are different than the arbitrable claims.

## C. Nationwide's Participation In The State Court Litigation Did Not Waive Its Arbitration Rights Under The Agreement

GVH contends that because Nationwide has extensively participated in the ACE state court litigation Nationwide, by its conduct, has voluntarily and intentionally relinquished its arbitration rights. According to GVH, such conduct supports a finding of waiver under the second, fourth, fifth, and sixth factors set forth in Hoxworth. Specifically, GVH argues that Nationwide has participated in discovery with GVH by: (1) directing interrogatories and document requests at GVH; (2) seeking claim files and depositions from GVH; and (3) preparing for and defending several depositions. GVH also contends that Nationwide waived its arbitration rights by availing itself of various state court procedures. In support of this argument, GVH points to Nationwide's filing of briefs relating to summary judgment motions, motions to compel, motions to commission subpoenas, and motions to extend discovery.

17

Nationwide admits that it has disputed GVH's cross-claims in the state court action and in doing so, has engaged in discovery and motions practice before the state court. However, Nationwide contends that its litigation activity has focused on the non-arbitrable aspects of GVH's cross-claim and other non-arbitrable matters in the litigation, not the issue it wishes to arbitrate, that is, the nature and scope of Nationwide's discharge and release under the settlement agreement. For the following reasons, we agree with Nationwide.

> 1. Nationwide's Participation In The State Court Litigation Pertains To Non-Arbitrable Matters.

No waiver of the right to arbitrate can occur from conducting discovery on non-arbitrable claims. <u>Federico v. Charterers Mut. Assur. Ass'n Ltd.</u>, 158 F. Supp. 2d 565, 575 (E.D. Pa. 2001) (the participation of the party seeking arbitration in an underlying lawsuit is irrelevant to the question of waiver of the right to arbitration because the underlying lawsuit did not involve an arbitrable issue) (citing cases); <u>Klein v. Boyd</u>, 949 F. Supp. 286, 290 (E.D. Pa. 1996) (noting that the parties had engaged in extensive discovery but only as to the non-arbitrable claims); <u>B.G. Balmer</u>, 1998 WL 764669, at *7 ("a party does not waive its right to arbitrate by conducting discovery on related, but non-arbitrable, claims."). Because Nationwide's litigation conduct pertains primarily to non-arbitrable matters, Nationwide has not waived its right to arbitration concerning its discharge and release under the

18

settlement agreement.

Here, GVH initiated its cross-claim against Nationwide as part of the ongoing insurance coverage dispute in state court, and Nationwide has responded to the "insurance coverage" aspect of that cross-claim, whether Nationwide's policy provides coverage for GVH's asbestos-related bodily injury liability. Nationwide has engaged in motion practice, has assented to the court's pre-trial orders, and has engaged in ongoing discovery in the state court action relating to the non-arbitrable claims in that litigation. Nationwide has not presented, and was under no obligation to present, the arbitrable issue of the nature and scope of Nationwide's discharge and release under the agreement to the state court for resolution. In fact, the court of appeals has already held that the state court's prior ruling on the agreement and the applicability of its arbitration clause to PMA's claims against GVH does not impact Nationwide's arbitrable issue. Nationwide, 571 F.3d at 314 ("the ruling of the Court of Common Pleas denying arbitration in the PMA action does not serve as a viable basis for the District Court's preclusion order against Nationwide.").

        2.  The Majority of Nationwide's Litigation Conduct Took
            Place After It Filed Its Petition To Compel Arbitration

Courts generally base a determination regarding waiver on litigation conduct that takes place prior to a party asserting its arbitration rights. Hoxworth, 980 F.2d at 925-26 (waiver based, in part, on numerous pretrial proceedings "during the more than eleven

19

months" before party moved to compel arbitration); Ehleiter, 482 F.3d at 222 (finding of waiver based on four year delay in demanding arbitration during which time party engaged in discovery, non-merits motion practice, motion practice on the merits, and certified trial readiness); see also In re Herrington, 374 B.R. 133, 147 n.5 (E.D. Pa. 2007) ("A party can waive the right to arbitrate a dispute 'if the party '[s]ubstantially invoke[s] the litigation machinery before asserting its arbitration right.'") (citations omitted).    Here, virtually all of Nationwide's litigation conduct occurred after Nationwide filed its petition to compel arbitration on May 13, 2008.    While this fact is not dispositive of the issue here, it weighs against a finding of waiver.

         Because Nationwide's litigation conduct has focused on the non-arbitrable claims at issue in the state court litigation and took place after Nationwide filed a petition to compel arbitration, Nationwide's participation in the state court litigation did not waive its arbitration rights.    For these reasons, as well as the other reasons stated herein, Nationwide has acted consistently with its contractual right to arbitrate and therefore has not waived it.

D.  <u>Nationwide's Litigation Conduct Has Not Prejudiced GVH</u>

As stated above, "prejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation conduct." <u>Ehleiter</u>, 482 F.3d at 222. Prejudice in support of a waiver can be either substantive or result from unnecessary delay and expense. <u>Id</u>. at 224. A party claiming waiver need not demonstrate both types of prejudice to prevail on its waiver claim. <u>Id</u>. In this case, GVH alleges that it has suffered both types of prejudice.

1. GVH Has Not Suffered Prejudice From Unnecessary Delay

As discussed above, we have found that Nationwide submitted its arbitration demand and filed a petition to compel arbitration in a timely manner. Therefore, we can easily dispose of GVH's contentions regarding prejudice based on unnecessary delay.

2. GVH Has Not Suffered Substantive Prejudice or Prejudice From Unnecessary Expense

However, GVH also claims that it suffered substantive and monetary prejudice as a result of Nationwide's participation in the state court litigation. In particular, GVH contends that it was prejudiced by Nationwide's participation in the state court litigation because GVH was required to respond to Nationwide's voluminous written discovery requests and review and produce all of its files (approximately twenty-five boxes) relating to one hundred bodily injury claims in response to such requests. Also, GVH contends it was prejudiced because many of the documents it

21

produced relate to the arbitrable issue, which may or may not be used in the arbitration and were costly to produce. GVH claims it has spent at least $30,000 in legal expenses arising out of Nationwide's participation in the state court litigation and discovery is still ongoing. GVH claims it devoted substantial amounts of time, effort, and money in prosecuting the state court insurance coverage case while Nationwide was able to use the Pennsylvania Rules of Civil Procedure to conduct discovery not available in the arbitration forum.

Nationwide counters that GVH has not suffered any prejudice because the issue that is the subject of its petition to compel arbitration has not been litigated in the ACE state court matter. According to Nationwide, the discovery in the state court litigation relates to the non-arbitrable insurance coverage dispute, whether Nationwide's policy provides coverage for GVH's asbestos-related bodily injury liability, not Nationwide's discharge and release under the agreement. To the extent that there has been or will be some overlap in discovery, Nationwide contends that any discovery overlap results from the fact that the state court matter and the arbitrable matter are related, but that overlap does not require a finding of waiver of Nationwide's arbitration rights.

22

We find that GVH's allegations of prejudice are insufficient to support a finding of waiver in this instance. Even if the discovery process is different for the arbitration, the majority of the discovery to date in the state court action relates to the coverage dispute, not Nationwide's release and discharge under the agreement. While some documents relating to the agreement have been sought by GVH during discovery, and some have been produced, GVH has failed to demonstrate how that production substantially harms or prejudices it.

Furthermore, the two disputes, the coverage dispute and the arbitration dispute, are related, such that certain claim files and other documents produced as part of the coverage dispute in state court will likely be relevant in the arbitration dispute. To the extent that discovery relating to the arbitrable and the non-arbitrable claims is coextensive, that overlap in discovery does not amount to sufficient prejudice to find waiver of the right to compel arbitration. See Klein, 949 F. Supp. at 290 n.5. Nationwide has not made any discovery requests related to the nature, scope, and effect of its release under the agreement, and that issue is ripe for arbitration. The fact that GVH has produced and requested documents relating to the agreement does not result in a waiver of Nationwide's arbitration rights.

Furthermore, as Nationwide argues, the agreement does not proscribe or prohibit the use of any specific discovery procedures,

23

so depending on the preference of their selected arbitrators and the parties' agreement, the parties may have the opportunity to determine the nature and scope of discovery for arbitration, and they may be permitted to rely on any overlap of discovery from the state court matter to save on time and costs.

Even were we to assume that some of the same discovery will take place in the arbitration action, Nationwide promptly invoked its right to arbitration, and a finding of prejudice would still be unwarranted on the record before us.  The fact remains that PMA and AGLIC, not Nationwide, put GVH to the expense of having to engage in discovery in state court, and our analysis of the Hoxworth factors support a finding of no waiver here.

Based on the foregoing, we conclude that GVH has failed to establish that it suffered substantial prejudice from Nationwide's litigation conduct.

IV.  CONCLUSION

Because we find that Nationwide did not waive its right to arbitration under the agreement, GVH's motion for summary judgment will be denied.  In accordance with the court of appeals's directive, we have considered the merits of Nationwide's petition to compel arbitration, and issue an order granting said petition.

An appropriate order follows.

24

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONWIDE MUTUAL FIRE          )
INSURANCE COMPANY,              )
                                )
          Petitioner,           )
                                )
v.                              )         Civil Action No. 08-0646
                                )
GEO V. HAMILTON, INC.,          )
                                )
          Respondent.           )

ORDER

On this ___9th___ day of April, 2010, IT IS HEREBY ORDERED
that defendant's motion for summary judgment [Doc. No. 50] is
DENIED.   Plaintiff's petition to compel arbitration is GRANTED.
The Clerk of Courts is directed to mark this case closed.

BY THE COURT:

_____, C. J.

cc:  All Counsel of Record